FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN W. BLASSINGAME, JR.,<br>ADMINISTRATOR OF THE ESTATE OF<br>JOHN W. BLASSINGAME | DISTRICT COURT<br>CIVIL ACTION NO.<br>302CV02009 (CFD) |
| V. | |
| YALE UNIVERSITY | October 17, 2003 |

### DEFENDANT'S MEMO IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant hereby responds to plaintiffs' Motion to Compel for the following reasons.[1]

1.  The motion to compel should be denied because defense responded to the discovery requests by serving objections in a pleading dated April 3, 2003, a copy of which is attached hereto as <u>Exhibit A</u>. It should be noted that the objections were not filed in the Clerk's office because Local Rule 7(g) provides that discovery materials should not be filed with the Court. However, these objections were sent to the office of plaintiff's counsel on April 3, 2003, in accordance with the Local Rule.

THE DEFENDANT, YALE UNIVERSITY

By:  *Patrick M. Noonan*
Patrick M. Noonan (ct #00189)
Delaney, Zemetis, Donahue,
   Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

---

[1] Defense counsel never received a copy of plaintiff's Motion to Compel and was first notified of its existence by Judge Smith's chambers on October 17, 2003.

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  ●  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168  ●  FAX: (203) 458-4424
JURIS NO. 415438

## CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed, postage prepaid, on the above-written date, to:

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT  06516
    203-931-2682  - (F)

*[signature]*
Patrick M. Noonan

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN W. BLASSINGAME, JR.,
ADMINISTRATOR OF THE ESTATE OF
JOHN W. BLASSINGAME

V                                                           CIVIL NO. 302CV02009 (CFD)

YALE UNIVERSITY                                             APRIL 3, 2003

### DEFENDANT YALE UNIVERSITY'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MARCH 11, 2003

1.  State the names and addresses of each and every person who may have discoverable information of any facts or circumstances relating to the alleged claims in this matter.

**OBJECTION:** Defendant objects on the ground that this interrogatory is vague, ambiguous and overbroad. In its present form it is nothing more than a fishing expedition. In this regard, defendant notes that the "alleged claims" in this matter relate to the publication of the Yale University Press of the Frederick Douglass papers, a project which consumed virtually the entire career of Professor Blassingame. Unless this interrogatory is narrowed, there is no sensible way for the defendant to respond to it.

2.  State the names and addresses of each and every person who was present at the time of any incidents alleged in the complaint or who witnesses or observed any incidents alleged in the complaint.

**OBJECTION:** See objection to interrogatory 1.

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438



3. State the names and addresses of all experts whom you intend to call as an expert at trial.

**OBJECTION:** **Defendant objects to providing expert discovery at the present time. However, there is no objection to responding to this interrogatory after plaintiff's experts have been disclosed and deposed.**

4. For each witness identified in response to Interrogatory #3, state:

a. the subject matter on which each expert is expected to testify;

b. the substance of the facts and opinions to which each expert witness is expected to testify;

c. a summary of the grounds for each opinion of each expert witness expected to testify.

**OBJECTION:** **See objection to Interrogatory 3.**

5. Have you made any statements, as defined in Connecticut Practice Book Section 13-1, to any person regarding any of the incidents alleged in the complaint?

**OBJECTION:** **See objection to Interrogatory 1.**

6. If the answer to #5 Interrogatory is affirmative, state:

a. the name and address of the person or persons to whom such statements were made;

b. the date on which such statements were made;

c. the form of the statement (i.e., whether written, made by recording device or recorded by a stenographer, etc.);

d. the name and addresses of each person having custody, or a copy or copies of each statement.

**OBJECTION:** **See objection to Interrogatory 1.**

7. As to each individual named in response to Interrogatory #1, state whether to your knowledge, or the knowledge of your attorney, such individual has given any statement or statements as defined in the Connecticut Practice Book Section 13-1 concerning the subject matter of the Complaint in this lawsuit. If your answer to this Interrogatory is affirmation, state also:

   a. the date on which the statement or statements were taken;

   b. the names and addresses of the person or persons who took such statement or statements;

   c. the names and addresses of any person present when such statement or statements were taken;

   d. whether such statement or statements were written, made by recording device or taken by court reporter or stenographer;

   e. the names and addresses of each person having custody or a copy or copies of such statement or statements.

**OBJECTION:**     **See objection to Interrogatory 1.**

8. State all the names and addresses of the funding sources of the Frederick Douglass Papers.

**OBJECTION:**     **Defendant objects on the ground that this interrogatory is overbroad and burdensome, and not designed to lead to the discovery of relevant, admissible evidence. In this regard, defendant notes that the plaintiff's claims do not relate to the funding sources for the Frederick Douglass Papers, but rather to plaintiff's claims that Professor Blassingame's Estate should be provided compensation in addition to the compensation which was already distributed in accordance with Professor Douglass' contract with Yale University Press. Accordingly, the funding sources for the project have absolutely no relevance to this matter. Finally, even if any information relating to funding sources is required to be disclosed, it should be limited to a period of three years prior to the**

              filing of the complaint, since that is the applicable statute of limitations period.

9.     List all the revenues generated from the sale of the Frederick Douglass Papers.

**OBJECTION**:     See objection to Interrogatory 8.

10.     List all permission fees generated from the use of the Frederick Douglass Papers.

**OBJECTION**:     **Defendant objects to the extent that this would require defendant to supply information for a period greater than three years prior to the date of the complaint in this matter, since that is the applicable statute of limitations period.**

11.     List all the royalty payments with regard to the Frederick Douglass Papers.

**OBJECTION**:     See objection to Interrogatory 10.

12.     List the names of all individuals involved in payroll disbursement decisions with regard to the Frederick Douglass Papers.

**OBJECTION**:     **Defendant objects on the ground that the information sought in this interrogatory is not designed to lead to the discovery of relevant, admissible evidence. This case concerns plaintiff's claim that the Estate of Professor Douglass should be compensated for the publication of the Frederick Douglass Papers in addition to the compensation already paid pursuant to a contract between Professor Douglass and the Yale University Press. There is nothing about individuals who were involved in "payroll disbursement" decisions that would be relevant to that topic. Defendant further objects on the ground that it does not know what plaintiff means by "payroll disbursement decisions." Finally, if any such information is required to be produced, it should be limited to a period of three years prior to the filing of the complaint, which is the applicable statute of limitations period.**

4

THE DEFENDANT,
YALE UNIVERSITY

By: /s/ Patrick M. Noonan
Patrick M. Noonan (ct #00189)
Delaney, Zemetis, Donahue,
  Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT  06516

/s/ Patrick M. Noonan
Patrick M. Noonan

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN W. BLASSINGAME, JR.,
ADMINISTRATOR OF THE ESTATE OF
JOHN W. BLASSINGAME

V                                                  CIVIL NO. 302CV02009 (CFD)

YALE UNIVERSITY                                    APRIL 3, 2003

### DEFENDANT YALE UNIVERSITY'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION DATED MARCH 11, 2003

1. Please produce a copy of the records as identified in response to Interrogatory #8.

**OBJECTION:** See objection to Interrogatory 8.

2. Please produce a copy of any non-privileged statement, as defined in Practice Book Section 13-1, of any party in this lawsuit concerning this action or its subject matter.

**OBJECTION:** See objection to Interrogatory 5.

3. Please produce all payroll records for the Frederic Douglass Papers.

**OBJECTION:** Defendant objects on the ground that this request is not designed to lead to the discovery of relevant, admissible evidence. In this regard, defendant notes that the present dispute concerns the plaintiff's claim that the Estate of Professor Blassingame should receive compensation in addition to the compensation paid pursuant to the contract which was executed between Professor Blassingame and Yale University Press. Production of payroll records will not lead to the discovery of relevant, admissible evidence. In this regard, the defendant notes that the contract between Yale University Press and Professor Blassingame did not call for any payroll compensation. Rather, Professor Blassingame

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438



          directed that royalty compensation which otherwise might accrue to him should be directed to the Association for the Study of Afro-American Life and History. Additionally, if any documents are required to be produced, they should be limited to a period of three years prior to the filing of the complaint, since that is the applicable limitations period.

4. Please produce all records for the distribution/disbursement of funds to the Frederic Douglass Papers and all those affiliated with the Frederick Douglass Papers.

**OBJECTION:** See objection to Interrogatory 3. Without waiving this objection, defendant states that it will agree to produce records relating to royalties and permission fees received by Yale University Press and paid out by Yale University Press relating to the Frederick Douglass Papers for the three years prior to the filing of the complaint in this matter.

5. Please produce all records regarding the creation of the Frederick Douglass Papers.

**OBJECTION:** Defendant objects on the ground that this request is overbroad and burdensome, and will result in the necessity of producing literally hundreds of thousands of pages of documents. The Frederick Douglass Papers project was a project that consumed the entire career of Professor Blassingame and resulted in the publication of multiple volumes of papers. There can be no possible claim that production of that magnitude could be relevant to this case, nor could there be a claim that such a broad-based production could be justified by the amounts at stake in this litigation (approximately $1,800 for the three year period prior to the filing of this complaint). Further, if any such documents are required to be produced, they should be limited to the three year period prior to the filing of the complaint, since that is the applicable limitations period.

6. Please produce all correspondence regarding the Frederick Douglass Papers, including and not limited to internal memos, incoming correspondence, and all information

2

about funding, hiring, payroll, reimbursement requests, and editorial decisions, editing comments.

**OBJECTION:**      See objection to Interrogatory 5.

9. Please produce any and all reports provided to Defendant, or anyone acting on his behalf, by any expert or experts, contacted or retained for the purpose of this litigation.

**OBJECTION:**      **Defendant objects to engaging in expert discovery at the present time. Defendant has no objection to providing expert discovery in accordance with the Federal Rules of Civil Procedure after plaintiff's experts have been disclosed and deposed.**

THE DEFENDANT,
YALE UNIVERSITY

By: *[signature]*
Patrick M. Noonan (ct #00189)
Delaney, Zemetis, Donahue,
  Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT 06516

*[signature]*
Patrick M. Noonan

3