FILED
2004 MAR -4 P 1:41
U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN W. BLASSINGAME, JR.,
ADMINISTRATOR OF THE ESTATE OF
JOHN W. BLASSINGAME

V                                                      CIVIL NO. 302CV02009 (CFD)

YALE UNIVERSITY                                        MARCH 3, 2004

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, Yale University ("Yale"), hereby objects to the plaintiff's Motion for Reconsideration of this Court's denial of its Motion to Compel dated August 29, 2003. This Court should deny the plaintiff's Motion for Reconsideration for the following three reasons. First, the plaintiff's motion is untimely. Second, the plaintiff has failed to raise any new or novel arguments that were not available to him at the time the original motion was filed. Third, this Court's decision to deny the plaintiff's original motion was correct and need not be revisited.

Local Civil Rule of the United States District Court for the District of Connecticut 9(E)(1) states: "Motions for Reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought ... ." D. Conn. L. Civ. R. 9(E)(1). The decision that the plaintiff wishes this Court to reconsider was filed on October 28, 2003, a copy of which is attached hereto as Exhibit A. The plaintiff's Motion for Reconsideration is dated February 25, 2004, four months after the decision was filed. Clearly,

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

this is sufficient ground by itself for denying the plaintiff's Motion for Reconsideration. See McCann v. Communications Design Corp., Civ. Nos. 2:92-34 (JAC), B-89-164 (JAC), 1992 WL 336760, at *4 (D. Conn. Oct. 1, 1992).[1] Therefore, this Court should not entertain the plaintiff's Motion for Reconsideration, as it is untimely according to this District's Local Rules.

Local Rule 9(E)(1) further states: "Motions for Reconsideration ... shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes that the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 9(E)(1). Rather than comply with the Local Rule, the plaintiff has merely recounted the procedural history regarding his original Motion to Compel. He has failed to attach a memorandum of law to his motion. He has likewise failed to cite any law, let alone any arguments that were unavailable to him at the time the original Motion to Compel was filed. This failure is by itself a sufficient ground for denying the plaintiff's Motion for Reconsideration: "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might generally be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995). Moreover, "a Motion for Reconsideration should not serve as a vehicle for relitigating issues already decided," Metropolitan Entertainment Co. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998), nor may such a motion "be used to plug gaps in an original argument or to argue in the alternative once a decision has

---

[1] Copies of all unreported cases are attached hereto as Exhibit B.

been made." Philbrick v. University of Connecticut, 51 F. Supp. 2d 164 (D. Conn. 1999) (*quoting* Horsehead Resource Development Co. v. B.U.S. Environmental Services, Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996)). See also Greene v. City of West Haven, No. 3:96-CV-02329 (WWE), 1999 WL 118006, at *2 (D. Conn. Feb. 1, 1999) (denying plaintiff's Motion for Reconsideration since no "controlling decision which he believes the court overlooked in the initial decision or order" was presented); General Star Indemnity Co. v. Anheuser-Bush Companies, Inc., 28 F. Supp. 2d 71, 74 (D. Conn. 1998) (refusing to alter the legal conclusion of the original ruling since the plaintiff failed to provide the Court with any controlling decisions which the plaintiff believed the Court overlooked in its initial decision or order). In the present case, the plaintiff is merely attempting to reargue his Motion to Compel in its entirety. He has not presented this Court with any new case law or arguments that were unavailable to him at the time that he filed his original motion. As such, this Court should deny his Motion for Reconsideration.

Finally, contrary to the plaintiff's assertions, this Court's decision on the original Motion to Compel was appropriate. The plaintiff argues that Yale has failed to comply with his discovery requests. However, Yale has responded to those discovery requests through objections. In accordance with Local Civil Rule of the United States District Court for the District of Connecticut 7(g), Yale did not file those discovery materials with the Court, but these objections were sent to the office of plaintiff's counsel on April 3, 2003. Thus, the Court was correct in holding that Yale had appropriately responded to the plaintiff's discovery requests.

For the foregoing reasons, the Court should deny plaintiff's Motion for Reconsideration.

                                        THE DEFENDANT,
                                        YALE UNIVERSITY

                                        By: _____
                                              Patrick M. Noonan (ct #00189)
                                              Delaney, Zemetis, Donahue,
                                                  Durham & Noonan, P.C.
                                              741 Boston Post Road
                                              Guilford, CT 06437
                                              (203) 458-9168

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT  06516

Patrick M. Noonan