

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN W. BLASSINGAME, JR.,
ADMINISTRATOR OF THE ESTATE OF
JOHN W. BLASSINGAME

V                                                                      CIVIL NO. 302CV02009 (CFD)

YALE UNIVERSITY                                              MARCH 17, 2004

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION

**INTRODUCTION:**

By Complaint, dated November 13, 2002, the plaintiff brought this action against the defendant, Yale University ("Yale"), alleging that Yale violated certain copyright statutes and also alleging common law unjust enrichment. More than two years later, the plaintiff has filed an Application for Temporary Injunction ("Application"), dated March 3, 2004. In it, the plaintiff has restated the allegations made in his complaint and perfunctorily stated that the temporary injunction is necessary to prevent irreparable harm from befalling the plaintiff. However, the plaintiff has failed to allege any facts which (1) would show that the plaintiff will suffer irreparable harm if the Application is not granted or (2) that he is either likely to succeed on the merits or that there are sufficiently serious questions going to the merits and the balance of hardship tips decidedly in the plaintiff's favor.

This dispute arises out of Professor Blassingame's work at Yale University as the Editor of the Frederick Douglass Papers. In connection with that work, Professor Blassingame

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

entered into a contract with Yale University Press to publish certain of the papers. Professor Blassingame agreed in that contract to have all royalties paid to the Association for the Study of Afro-American Life and History (ASALH). Following his death, Professor Blassingame's heirs instituted this suit, claiming that his Estate is entitled to the royalties, which were paid to ASALH by Yale University Press. The amount in controversy is approximately $3,000, which represents the aggregate amount of royalties paid over the six years prior to the institution of this suit.[1]

**ARGUMENT:**

   I.   Legal Standard.

"[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990).[2] See also, South Lyme Property Owners Association, Inc. v. Town of Old Lyme, 121 F. Supp. 2d 195, 203 (D. Conn. 2000). A party seeking a preliminary injunction generally must demonstrate that he or she: (a) will suffer irreparable harm in the absence of the requested relief; and (b) either (1) is likely to succeed on the merits or (2) there are sufficiently serious questions going to the merits and the balance of hardships tips decidedly in the movant's favor. See Latino Officers Association v. Safir, 170 F.3d 167, 171 (2d Cir. 1999).

---

[1] Six years is the longest possible applicable statute of limitations.

[2] Although the plaintiff has filed an Application for Temporary Injunction, it appears that the plaintiff actually seeks a preliminary injunction, the terminology used in federal courts. A temporary injunction under state court practice is analogous to a preliminary injunction in federal court.

II.     The Plaintiff's Application Should Be Denied Since He Has Failed To Show That Its Denial Would Cause Him Irreparable Harm.

Irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1999). See also, Bell & Howell v. Masel Supply Company, 719 F.2d 42, 45 (2d Cir. 1983). Irreparable harm is actual and imminent harm, not remote or speculative. See State of New York v. Nuclear Regulatory Commission, 550 F.2d 745, 755 (2d Cir. 1997). It is harm which cannot be redressed through a monetary award. See Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995). See also, JSG Trading, supra, 917 F.2d at 79 (holding that where money damages are adequate compensation a preliminary injunction should not issue). Furthermore, a moving party must demonstrate that the harm contemplated is likely rather than merely possible. See First Union National Bank v. Burke, 48 F. Supp. 2d 132, 149 (D. Conn. 1999).

         A.     *The plaintiff's unexplained delay in filing his Application conclusively rebuts any assertion that he will suffer irreparable harm.*

The plaintiff's delay in seeking injunctive relief in and of itself is sufficient to deny the Application. The Second Circuit has noted: "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." Citibank, N.A. v. Citytrust, 756 F.2d 273, 277 (2d Cir. 1985). The present plaintiff has inexplicably waited more than two years since filing his complaint to seek injunctive relief. Courts have found that delays of far shorter periods mandated denial of an application for preliminary relief. See, e.g., Cunningham v. English, 78 S.Ct. 3, 4 (1957) (denying injunctive relief where allegations were based on events known "months and years"

3

before filing); Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 178 (2d Cir. 2000) (holding that, where the plaintiff waited a year to appeal the denial of injunctive relief, "[t]he seeming lack of urgency on the part of a plaintiff who has been denied interim relief tends to confirm the view that irreparable harm was not imminent."); Richard Feiner & Co., Inc. v. Turner Entm't Co., 98 F.3d 33, 35 (2d Cir. 1996) (holding that an 18 month delay makes an injunction improper); Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995) (holding that a nine month delay in filing suit and a subsequent four month delay in seeking injunctive relief negates any presumption of irreparable harm); JSC Foreign Economic Association Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d 366, 390 (S.D.N.Y. 2003) (holding that a six year delay in filing suit and a six week delay in seeking injunctive relief disproved potential for irreparable harm); Christopher Norman Chocolates Ltd. v. Schokinag Chocolates N. Am., Inc., 270 F. Supp. 2d 432, 438-39 (S.D.N.Y. 2003) (eight to nine month delay rebuts any presumption of irreparable harm); Wallikas v. Harder, 78 F. Supp. 2d 36, 42-43 (N.D.N.Y. 1999) (ten month delay weighs against a finding of irreparable harm). In this case, more than two years passed before the plaintiff sought injunctive relief. As such, no irreparable harm can be found and the plaintiff's Application must be denied.

> B.  *The plaintiff seeks monetary damages, which, by definition, do not constitute irreparable harm.*

In this case, it is clear that the plaintiff has failed to bear his burden of showing that the denial of his Application would cause him irreparable harm. In both his Application and the attached affidavit, the plaintiff merely states that if Yale's actions are not restrained irreparable

harm will follow without explaining the nature of the harm. The plaintiff also states that the resulting damages will be incalculable. Merely stating this does not make it so and also does not establish that irreparable harm will follow if the Application is denied. The plaintiff has provided absolutely no evidence that monetary damages would not be appropriate in this case. In fact, the plaintiff's entire claim is based on royalties allegedly paid to the incorrect entity. Thus, the plaintiff's claimed loss is monetary. Nothing that the plaintiff has filed with this Court has established that plaintiff's alleged losses could not be addressed through a monetary award. The Second Circuit has held that there can be no finding of irreparable harm where the alleged injury can be addressed through monetary compensation. See JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).

    III.    The Plaintiff Is Neither Likely To Succeed On The Merits Nor Are There Sufficiently Serious Questions Going To The Merits And The Balance Of Hardships Does Not Tip Decidedly In The Plaintiff's Favor.

Plaintiff's Application fails to show that he is likely to succeed on the merits of his case. Further, he has failed to even argue that there are sufficiently serious questions going to the merits and the balance of hardships tips decidedly in his favor. Instead, the plaintiff has merely stated in conclusory fashion that Yale's actions are "wrong, illegal and in violation of Federal law." Application, pg. 1. On the basis of the present Application, the Court should not hold a hearing. However, if such a hearing is held, Yale will produce the contract signed by Professor Blassingame in which he directed that any royalties be paid to ASALH as well as records detailing the payments made by Yale to that entity. Accordingly, even if this were a case where the plaintiff had made a timely Application for injunctive relief and was able to

demonstrate irreparable harm – and it is not – the Application would have to be denied because of a failure to show that the plaintiff is likely to succeed on the merits or that there are sufficiently serious questions going to the merits and the balance of hardships tips decidedly in the plaintiff's favor.

## CONCLUSION

The plaintiff's Application for Preliminary Relief should be denied for three independent reasons. First, the plaintiff's delay in seeking such relief is in and of itself sufficient grounds to dismiss the application. Second, the plaintiff has failed to demonstrate irreparable harm, and indeed cannot demonstrate irreparable harm in light of the fact that monetary relief will offer complete compensation for the plaintiff's alleged injuries. Finally, the plaintiff has failed to offer any evidence to suggest that he will likely prevail or that there are serious questions going to the merits and that the balance of hardships tips decidedly in favor of the plaintiff. Accordingly, plaintiff's Application for Temporary Injunction should be denied.

THE DEFENDANT,
YALE UNIVERSITY

By: *Patrick M. Noonan*
Patrick M. Noonan (ct #00189)
Delaney, Zemetis, Donahue,
  Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
840 Orange Avenue, 2nd Floor
West Haven, CT  06516

_____<br>Patrick M. Noonan