FILED

2004 APR 14 P 6: 30

DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN W. BLASSINGAME, JR.
ADMINISTRATOR OF THE ESTATE OF
JOHN W. BLASSINGAME
    Plaintiff,

V.

YALE UNIVERSITY
    Defendant.

CIVIL ACTION NO.:
302CV02009(CFD)

APRIL 14, 2004

## PLAINTIFF'S COMPLIANCE WITH ORDER REGARDING APPLICATION FOR TEMPORARY INJUNCTION

The plaintiff, John W. Blassingame, Jr., Administrator of the Estate of John W. Blassingame, hereby submits this compliance with the Court's order regarding the plaintiff's Application for Temporary Injunction:

**A.**   **Proposed Findings of Fact**

1. John W. Blassingame secured funding for the production of The Frederick Douglass Papers from the National Endowment for the Humanities by way of a grant proposal and from 1976 to 1999 he was the author and editor of the "Papers".

2. John W. Blassingame was employed as a professor at Yale University and contracted with Yale University Press to publish and market the "Papers" in 1976 and 1979.

3. Neither the 1976 nor the 1979 contract stated that Professor Blassingame's efforts constituted a work for hire, nor were his efforts expended within the scope of hie employment at Yale University.

4. Professor Blassingame had full control over the manner and means by which the "Papers" project was completed, and in securing and hiring of assistants to work on the project, and the writing and editing of the "Papers" was a result of the skill

and talents of Professor Blassingame.

5. The "Papers" were copyrighted on September 4, 1979, February 25, 1986, August 30, 1991, September 1, 1992, and August 16, 1999.

6. Yale University Press used the copyright and received the royalties generated by the sale and permission granted for use of the "Papers" without the approval and consent of Professor Blassingame.

7. Professor Blassingame worked as an independent contractor with regard to the "Papers" project, and was the author and owner of the "Papers," and as the owner of the "Papers," he was the owner of the copyright.

8. Yale University Press engaged in copyright infringement pursuant to 17 U.S.C. § 101 et seq. and 17 U.S.C. § 201 et seq.

9. The contract does provide for compensation to be paid by Yale University Press to Professor Blassingame.

10. As owner and author of the "Papers," Professor Blassingame has the right to determine who shall contribute to the creation and distribution of the works.

11. Yale University Press failed to recognize the rights of Professor Blassingame's heirs, used Professor Blassingame's works and name without permission and payment with regard to the royalties generated from such, and improperly retained the royalties generated by the sale of the "Papers."

12. Yale University Press is continuing to distribute, market, and grant permission for the use of the "Papers" and has hired individuals to continue work on the "Papers."

**B.   Proposed Findings of Law**

1. Professor Blassingame worked as an independent contractor with regard to the "Papers," had full control over the manner and means by which the "Papers"

2

project was completed, secured the hiring of assistants to work on the project, and the writing and editing of the "Papers" were the result of the skill and talents of Professor Blassingame. Pursuant to 17 U.S.C. § 101 et seq., the "Papers" were not prepared by an employee within the scope of his employment and therefore, Professor Blassingame is the owner of the "Papers."

2. As an heir to the Estate of Professor Blassingame, the Administrator of the estate has standing to make a claim regarding the interests of Professor Blassingame.

3. Where money damages are adequate compensation, a preliminary injunction should not issue. See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam). The plaintiff seeks injunctive relief not only due to money damages, but also due the defendant using the Professor's name without his permission and securing the services of others to continue the work.

4. A party seeking a preliminary injunction must establish irreparable harm and either a likelihood of success on the merits of the underlying claim or sufficiently serious questions going to the merits of the claim as to make it a fair ground for litigation and a balance of the hardships tipping decidedly toward the movant. See Eng v. Smith, 849 F.2d 80, 81-82 (2d Cir. 1988). Using the Professor's name without permission and using the services of those not authorized by the plaintiff will result in incalculable harm to the Professor's name and reputation, along with the reputation of the "Papers." The irreparable and ongoing damage to the Professor's name, reputation, and legacy tips the hardship to the side of the movant.

5. The defendant repeatedly states in its Memorandum of Law in Opposition to Plaintiff's Application for Temporary Injunction that the plaintiff waited more than two years to file the application. The complaint is dated November 13, 2002 and the application is dated March 3, 2004. The time frame is 15 months, not over two

years as was stated by the defendant. Additionally, the relief requested in the complaint dated November 13, 2002 includes injunctive relief prohibiting future violations of applicable law.

C. **List of Witnesses**
   1. John W. Blassingame, Jr. is the Administrator of the Estate of Professor Blassingame.

D. **Exhibits**
   1. The 1976 contract between Professor Blassingame and Yale University Press.
   2. The 1979 contract between Professor Blassingame and Yale University Press.
   3. The Frederick Douglass Papers, Series One, Volume One.
   4. Narrative of the Life of Frederick Douglass.

THE PLAINTIFF
JOHN W. BLASSINGAME, JR.

BY: _____
IKECHUKWU UMEUGO
HIS ATTORNEY
UMEUGO & ASSOCIATES, P.C.
620 BOSTON POST ROAD
WEST HAVEN, CT 06516
(203)931-2680; FED.BAR#Ct04536

## CERTIFICATION

This is to certify that a copy of the foregoing was hand delivered on the above-written date, to:

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue,
 Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

_____
Ikechukwu Umeugo