UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN W. BLASSINGAME, JR.<br>ADMINISTRATOR OF THE ESTATE OF<br>JOHN W. BLASSINGAME<br>    Plaintiff,<br><br>V.<br><br>YALE UNIVERSITY<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.:<br>:   302CV02009(CFD)<br>:<br>:<br>:   OCTOBER 27, 2006 |

**JOINT TRIAL MEMORANDUM**

**1.**   **Trial Counsel**

       For Plaintiff:       Ikechukwu Umeugo, Esq.
                                    Umeugo & Associates, PC
                                    620 Boston Post Rd.
                                    P.O. Box 26373
                                    West Haven, CT  06516
                                    (203) 931-2680
                                    (203) 931-2682 fax

       For Defendant:     Patrick Noonan, Esq.
                                    Donahue, Durham & Noonan, P.C.
                                    Concept Park
                                    741 Boston Post Rd.
                                    Guilford, CT  06437
                                    (203) 458-9168
                                    (203) 458-4424 fax

**2.**   **Jurisdiction**

       A.       Subject Matter Jurisdiction

Jurisdiction of this Court is based on the Court's Federal Question Jurisdiction and the Constitution of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 201 *et seq*.

B.   Personal Jurisdiction

The plaintiff is a resident of the State of Connecticut. The defendant is an institution for learning operating in the State of Connecticut.

3.  **This is a court case.**

4.  **Nature of Case.**

This case involves a dispute over royalties generated from the publication of the Frederick Douglass Papers. The plaintiff asserts claims of copyright infringement pursuant to 17 U.S.C. § 101 *et. seq*. and 17 U.S.C. § 201 *et. seq*., as well as breach of contract and unjust enrichment. The defendant has asserted a special defense that the plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.  **Stipulations of Fact and Law.**

The parties have been able to agree to the following:

A. Professor John W. Blassingame entered into a contract with Yale University Press in 1976 which was later modified in 1979.

6.  **Plaintiff's Contentions.**

The decedent, a professor and author, secured the funding for the production of the Frederick Douglass Papers by way of a grant proposal. On or about 1974, the decedent, John W. Blassingame, was notified of the acceptance of his grant proposal by the National Endowment of Humanities to fund the production of a series of books entitled "The Frederick

2

Douglass Papers."

The defendant, Yale University, through its publishing company, Yale University Press, contract with the decedent to publish and market the "Papers" in 1976 and 1979.

The "Papers" were copyrighted on September 4, 1979, February 25, 1986, August 30, 1991, September 1, 1992, and August 16, 1999.

The decedent had full control over the manner and means by which the "Papers" project was completed, and in the securing and hiring of assistants to work on the projects. The writing and editing of the "Papers" was a result of the skill and talents of the decedent.

The decedent was not compensated for his work, was not paid royalties and the defendant engaged in copyright infringement. The decedent worked as an independent contractor with regard to the "Papers" project and was the author and owner of the "Papers."

**7.    Defendants' Contentions.**

The plaintiff's decedent, Professor Blassingame, entered into a binding contract with the Yale University Press, whereby it was agreed that royalties generated from the publication of the Frederick Douglass Papers would be paid to the Association for the Study of Afro-American Life and History ("ASALH"). From the execution of the contract in 1979 up through the death of Professor Blassingame in 2000, both signatories to the contract engaged in a course of conduct whereby all royalty and permission payments were made to ASALH. During that time period, Professor Blassingame never objected to Yale University Press sending these payments to ASALH. Following his death, Professor Blassingame's heirs have instituted this suit, claiming that his Estate is entitled to the royalties which were paid to ASALH. Given the fact that the Yale

3

University Press at all times complied with the contract, there is no merit to the plaintiff's allegations of copyright infringement, breach of contract and unjust enrichment. The contract does not provide for any compensation to be paid by Yale University Press to John W. Blassingame. Additionally, even if it is found that plaintiff is entitled to recovery, any claim by the plaintiff for royalties or other damages more than 6 years prior to the commencement of this action is barred by the applicable statute of limitations.

**8. Legal Issues**

    A. Whether Professor Blassingame was an independent contractor with regard to the "Papers" project and was the author and owner of the "Papers," and as the owner of the "Papers," he was the owner of the copyright.

    B. Whether as owner of the "Papers," Professor Blassingame has the right to determine who shall contribute to the creation and distribution of the works.

    C. Whether the defendant acted in accordance with the contract it entered into with the plaintiff's decedent.

**9.     Voir Dire Questions.**

    Not applicable.

**10.    List of Witnesses.**

    <u>For plaintiff</u>: John W. Blassingame, Jr., Administrator of the Estate of Professor John W. Blassingame.

    <u>For the defendant</u>: Linda Klein, 107 Autumn Street, New Haven, CT 06511. Ms. Klein is an employee of Yale University Press who will testify concerning the agreement

between Professor Blassingame and Yale University Press and the defendant's compliance with that agreement.

        Charles Grench. Mr. Grench will testify as to the contractual relationship between the defendant and Professor Blassingame.

**11.**     **Exhibits.**

For Plaintiff:

    P-1     October 11, 1976 Agreement between Yale University Press and Professor Blassingame.

    P-2     February 7, 1979 Agreement between Yale University Press and Professor Blassingame.

    P-3     Royalty Payment Receipts/Statements from 1/87 – 12/02.

    P-4     Sales Figures for Frederick Douglass Papers.

    P-5     Yale University Press Permissions Letters dated 4/19/00 and 2/8/00.

    P-6     Permissions Request Letter from Greenhaven Press, Inc. dated 3/22/00.

    P-7     Permissions Request Letter from Bedford/St. Martin's dated 5/21/00.

    P-8     Permissions Request Letter from Oxford University Press dated 2/27/00.

    P-9     Reprint/Permissions Statement from Oxford University Press.

    P-10     CV of Professor Blassingame.

    P-11     The Frederick Douglass Papers, Series One, Volume One.

    P-12     Research Report by Thompson and Thompson for an author search of

     Professor Blassingame.

For the defendant:

  D-1. Records of payments by Yale University Press to ASALH.

  D-2. November 12, 1999, letter from Otto Bohlmann to Ms. Tia Blassingame.

  D-3. March 21, 1983, letter from ASALH to Yale University Press.

  D-4. April 26, 1983, letter from Maureen MacGrogan to Professor John Blassingame.

  D-5. May 4, 1983, letter to ASALH from Professor John W. Blassingame.

**12. Deposition Testimony.**

Not applicable.

**13. Requests for Jury Instructions.**

Not applicable.

**14. Anticipated Evidentiary Problems.**

None at this time, however, defense counsel has not yet received a copy of all of the plaintiff's exhibits and reserves the right to object once those exhibits have been received.

**15. Proposed Findings and Conclusions.**

Not required as per Trial Memorandum Order dated September 14, 2006.

**16. Trial Time.**

Plaintiff's counsel anticipates one week will be needed for trial. Defendant's cousel anticipates that two to three days will be needed for trial.

**17.    Further Proceedings.**

None.

**18.    Election for Trial by Magistrate.**

The parties have agreed to have the case tried by a United States Magistrate Judge, and the parties have not elected to have any appeal heard by the District Court or by the Court of Appeals.


| THE DEFENDANT, | THE PLAINTIFF, |
| --- | --- |
| YALE UNIVERSITY | JOHN W. BLASSINGAME, JR., ADMINISTRATOR OF THE ESTATE OF JOHN W. BLASSINGAME |

By:_____/s/_____    By:___/s/_____
       Patrick M. Noonan (ct #00189)                IKECHUKWU UMEUGO, ESQ.
       Donahue, Durham & Noonan, P.C.              UMEUGO & ASSOCIATES, P.C.
       741 Boston Post Road                         620 BOSTON POST ROAD
       Guilford, CT 06437                           WEST HAVEN, CT 06516
       (203) 458-9168                               (203) 931-2680; FED.BAR#Ct04536